IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WEST GULF MARITIME ASSOCIATION, § | | |
| Plaintiff, § | | |
| § | CIVIL ACTION NO. _____ |
| v. § | | |
| § | | |
| LAKE CHARLES STEVEDORES, LLC § | | |
| Defendant. § | | |

## PLAINTIFF WEST GULF MARITIME ASSOCIATION'S ORIGINAL COMPLAINT

Plaintiff West Gulf Maritime Association files its Original Complaint against Lake Charles Stevedores, LLC. and respectfully shows the following:

### PARTIES

1. WGMA is a not for profit corporation organized and existing under the laws of Texas. Its principal place of business is 1717 East Loop, Houston, Texas 77029.

2. Lake Charles Stevedores, LLC ("LCS") is a foreign corporation with its principal place of business in Lake Charles, Louisiana. It may be served with process by serving its registered agent Hunter W. Lundy at 501 Broad Street, Lake Charles, Louisiana 70601-4334.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of this case pursuant to 28 U.S.C. §1332(a)(2) because WGMA is a Texas corporation, LCS is a Louisiana corporation; and the amount in controversy exceeds $75,000.00.

4. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to WGMA's claim occurred in this district.

## BACKGROUND

5.      The West Gulf Maritime Association is a trade association. The multiemployer collective bargaining agreements in the West Gulf require that all stevedores employing ILA labor, whether West Gulf Maritime Association members or not, use the West Gulf Maritime Association payroll service so all longshore workers receive one paycheck. The multiemployer collective bargaining agreements created Taft-Hartley benefit plans, so the longshore workers have one set of benefit plans regardless of the number of stevedoring companies they work for. The West Gulf Maritime Association coordinates training, drug testing, grievances, and other aspects of employment common to all stevedores, so that, as example, the longshore workers receive one set of OSHA required personal protective equipment (PPE) instead of one set from each employer.

6.      As a condition of using the West Gulf Maritime Association payroll system, all stevedores are required to pay the payroll and labor fees. The payroll fees are each stevedore's proportionate share of the direct costs attributable to processing payroll. The labor fees are 1.5% of gross payroll, and cover West Gulf Maritime Association administrative expenses and costs associated with administration of the multiemployer collective bargaining agreements.

7.      The West Gulf Maritime Association brought suit against LCS for failure to pay labor fees in the United States District Court for the Southern District of Texas Houston Division, Civil Action No. 09-2367, *West Gulf Maritime Association v. Lake Charles Stevedores, LLC*. That lawsuit was settled for the sum of $150,000, payable in 20 monthly payments of $7,500. After making two payments, LCS ceased making payments.

8.     Despite the West Gulf Maritime Association's demands, LCS refuses to pay those amounts properly owed to the West Gulf Maritime Association pursuant to the settlement agreement.

## COUNT ONE - BREACH OF CONTRACT

9.     Pursuant to the parties' agreement, LCS agreed to pay West Gulf Maritime Association $150,000.

10.    LCS's failure to perform pursuant to the terms of the parties' settlement agreement constitutes breach of contract.

## COUNT TWO – FRAUDULENT INDUCEMENT

11.    LCS entered into a settlement agreement with the West Gulf Maritime Association. The fact LCS only made two payments after settlement was reached demonstrates LCS did not intend to honor the settlement agreement, and fraudulently induced the West Gulf Maritime Association to enter into the settlement agreement and forgo over half of the amount LCS owed the West Gulf Maritime Association.

12.    LCS's fraudulent inducement is a proximate cause of damages to the West Gulf Maritime Association.

## ATTORNEYS' FEES

13.    As a result of the aforementioned acts and/or omissions of LCS, it has been necessary for West Gulf Maritime Association to retain counsel to assist in the collection of these sums due and owing. West Gulf Maritime Association seeks recovery of all fair and reasonable attorneys' fees incurred for which LCS is obligated to pay under § 38.001, *et seq.*, of the Texas Civil Practice & Remedies Code.

## DAMAGES

14. As a result of the above, the West Gulf Maritime Association has sustained damages in excess of the jurisdictional limits of this court, plus interest from the date due, demand for which has been made upon LCS.

15. West Gulf Maritime Association is entitled recover its court costs and attorneys' fees in filing and pursuing this action. See TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq*. West Gulf Maritime Association is entitled to recover prejudgment interest and postjudgment interest at the maximum rate allowed by law on all damages.

## CONDITIONS PRECEDENT

16. All conditions precedent have been performed or have occurred as required by the settlement agreement.

17. WHEREFORE, PREMISES CONSIDERED, Plaintiff West Gulf Maritime Association respectfully prays Lake Charles Stevedores, LLC be cited to appear; that West Gulf Maritime Association be awarded judgment against LCS for the full amount of its damages, including prejudgment interest at the maximum legal rate, post-judgment interest at the maximum legal rate, reasonable and necessary attorney's fees, expenses, court costs; and for such further relief to which it may show itself justly entitled.

Respectfully submitted,

_____
Shareen Larmond
Texas State Bar No. 00785499
Federal I.D. No. 14163
Attorney-in-Charge

Nathan Wesely
Texas Bar No. 21193200
Federal ID No.

1717 East Loop, Suite 200
Houston, Texas 77029
Tel: (713) 678-7655
Fax: (855) 715-1717

Attorneys For Plaintiff
West Gulf Maritime Association